# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| HASSAN CRAWFORD, | Case No. 1:25-CV-496 |
| Plaintiff, | |
| v. | Judge Michael R. Barrett |
| TITLE IV-D AGENTS, et al., | **ORDER** |
| Defendants. | |

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("R&R") of July 29, 2025. (Doc. 7). Proper notice has been afforded to the parties under 28 U.S.C. § 636(b)(1)(C), including notice to Plaintiff Hassan Crawford that he may forfeit rights on appeal if he failed to file objections to the R&R in a timely manner. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (holding that a failure to file objections generally waives the right to appeal the district court's adoption of an R&R). Crawford did not file an objection, but did move for the recusal of the Magistrate Judge and the transfer of this case. (Doc. 8).

As summarized by the Magistrate Judge, Crawford's claims appear to stem from multiple child support enforcement actions in the Hamilton County Juvenile Court:

> Plaintiff's federal court complaint alleges the following claims: (1) a violation of due process in that plaintiff was denied "liberty (his license and freedom of movement) and

1

> property (employment opportunity)" without any notice or hearing; (2) conspiracy to deprive rights in that "[d]efendants conspired to fabricate debt, prevent payment, and use Plaintiff's/Relator's/Accused Father's resulting hardship to unlawfully enforce punitive measures for profit under Title IV-D funding structures"; and (3) "Deliberate Indifference and Retaliation" in that "[a]fter Plaintiff/ Relator/Accused Father asserted his rights in state and appellate courts, Defendants escalated their enforcement, retaliating by refusing to process motions, rejecting filings, and continuing license suspension in violation of clearly established law." Plaintiff seeks $6 million in damages and the reinstatement of his license.

(Doc. 7, PageID 151-52) (internal citations omitted).

Screening the complaint pursuant to 28 U.S.C. § 1915, the Magistrate Judge concluded that Crawford failed to include any factual allegations showing how the individual plaintiffs were involved in the actions giving rise to the 42 U.S.C. § 1983 claims listed in the complaint. (*Id.*, PageID 152). Moreover, Crawford did not provide the requisite specificity to establish a plausible claim of conspiracy, instead merely alleging that "Defendants conspired to fabricate debt, prevent payment, and use [Crawford's] resulting hardship to unlawfully enforce punitive measures for profit under Title IV-D funding structures." (Doc. 1, PageID 3).

And finally, the Magistrate Judge found that "[t]o the extent plaintiff may be contesting the Ohio statutory scheme whereby the Ohio Bureau of Motor Vehicles (BMV) suspends a driver's license upon receiving notice from a child support enforcement agency that the license holder is in default under a child support order," Crawford failed to present a plausible due process claim. (Doc. 7, PageID 154-55). This is based both on immunity grounds and on the fact that the constitutionality of

2

the challenged regulatory scheme has been upheld numerous times by courts in this Circuit and in Ohio. *See Sessler v. C.C.C.S.E.A.*, No. 1:14-CV-58, 2014 U.S. Dist. LEXIS 90922, at *9-10 (N.D. Ohio July 3, 2014).

Crawford generally takes issue with the Magistrate Judge's conclusions, but does not provide meaningful support for his positions. Instead, he seeks the recusal of the Magistrate Judge and the transfer of this case. The scant caselaw cited by Crawford comes from state courts in Minnesota and New Jersey, and is not directly applicable to his claims here. Crawford otherwise does not put forth substantive objections.

Magistrate Judges are authorized to decide both dispositive and non-dispositive matters pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. When objections are made to a Magistrate Judge's R&R on a dispositive matter, the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Upon review, the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

But "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001); *see also Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) ("Overly general objections do not satisfy the objection requirement."). And the Court "need not provide de novo review where the objections

3

are 'frivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637-38 (6th Cir. 1986) (per curiam) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)).

To the extent that Crawford's motion could be considered an objection, it is overruled. Crawford fails to offer legal support for his arguments or meaningfully address the Magistrate Judge's conclusions, including that his claims under 42 U.S.C. § 1983 are devoid of factual support and his conspiracy claims lack the requisite specificity. As a result of his wholly conclusory objections, he has failed to preserve de novo review.

Crawford instead argues that he did not consent to the jurisdiction of a magistrate judge and contends that his claims "were not afforded the required opportunity for meaningful review." (Doc. 8, PageID 160). He seeks the recusal of the Magistrate Judge and the transfer of this case because "[c]ertain named Defendants in this case include judicial officers, prosecuting attorneys, and government agencies who operate within the same circuit as the Magistrate Judge." (*Id.*). But those arguments are without any merit.

First, the Court may designate a magistrate judge "to hear and determine any pretrial matter," 28 U.S.C. § 636(b)(1)(A), and may do so "without the parties' consent," Fed. R. Civ. P. 72(b)(1). And second, a review of the Magistrate Judge's thorough and well-reasoned R&R stands in direct contrast to Crawford's argument that his filings were not considered in their entirety.

4

As to Crawford's recusal argument, judges "shall disqualify [themselves] in any proceeding in which [their] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Recusal is required when a judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." *Id.* § 455(b)(1); *see Garrett v. Ohio State Univ.*, 60 F.4th 359, 368 (6th Cir. 2023). "[T]he terms 'bias or prejudice' connote instances of partiality or opinions that are 'somehow *wrongful or inappropriate*.'" *United States v. Liggins*, 76 F.4th 500, 506 (6th Cir. 2023) (quoting *Liteky v. United States*, 510 U.S. 540, 550-52 (1994)).

Notably, Crawford provides no actual explanation of how the impartiality of the undersigned or the Magistrate Judge "might reasonably be questioned," and to that end, judges "need not recuse [themselves] based upon the subjective view of a party, no matter how strongly that view is held. *Garrett*, 60 F.4th at 69 (cleaned up).

For the foregoing reasons, the recommendations of the Magistrate Judge are **ADOPTED** in full, and this matter, including the pending motion for recusal and transfer, (Doc. 8), is **DISMISSED** with prejudice. Further, the Court **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this order would not be taken in good faith, and therefore **DENIES** leave to appeal in forma pauperis. *See* Fed. R. App. P. 24(a)

**IT IS SO ORDERED.**

    */s/ Michael R. Barrett*
Michael R. Barrett
United States District Judge

5